UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PRECIMED INC. d/b/a Greatbatch Medical,

Plaintiff,

v.

DECISION AND ORDER
13-CV–761

ECA MEDICAL INSTRUMENTS,

Defendant.

---

**INTRODUCTION**

This breach of contract action was referred to Magistrate Judge Hugh B. Scott for supervision of all pre-trial proceedings. Plaintiff Precimed Inc. d/b/a Greatbatch Medical ("Greatbatch") moved for the following: (1) a declaratory judgment pursuant to Section 2201 and Rule 57 of the Federal Rules of Civil Procedure; (2) dismissal of defendant ECA Medical Instrument's ("ECA") third through sixth counterclaims; and (3) the striking of certain language from ECA's counterclaims on the basis that the language is irrelevant and inflammatory. (Dkt. No. 16) On January 28, 2014, Magistrate Judge Scott issued a Report and Recommendation recommending: (1) denying Greatbatch's motion for declaratory judgment; (2) granting Greatbatch's motion to dismiss ECA's third through sixth counterclaims; and (3) denying without prejudice Greatbatch's motion to strike. (Dkt. No. 31)

Greatbatch filed objections on February 10, 2014. (Dkt. No. 32) ECA responded on March 5, 2014, (Dkt. No. 34), and Greatbatch replied on March 17, 2014 (Dkt. No. 38). Oral argument was held April 14, 2014, at which time the Court considered the matter submitted. As explained below, the Court adopts in part and rejects in part the findings of the Report and Recommendation.

**DISCUSSION**

*Motion for Declaratory Judgment*

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Greatbatch objects to the Magistrate Judge's recommendation to deny its motion for declaratory judgment. Greatbatch also contends that, if this Court denies its motion for declaratory judgment, "in no event should this Court rule for [defendant] as a matter of law, as Magistrate Judge Scott's Report and Recommendation can be read to suggest in its analysis section at pages 23, 26, 33."

Upon *de novo* review, and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the Magistrate Judge's recommendation to deny Greatbatch's motion for declaratory judgment. The Court notes that it does not read Magistrate Judge Scott's Report and Recommendation to suggest a ruling for defendant as a matter of law, and the Court does not so rule. Thus, Greatbatch's motion for declaratory judgment is

denied and the matter shall be returned to the Magistrate Judge for any additional discovery and/or pre-trial motions.

*Motion to Dismiss Counterclaims*

The Report and Recommendation recommends dismissal of ECA's third through sixth counterclaims. ECA has not objected to the Magistrate Judge's findings with respect to its motion to dismiss. "To accept the report and recommendation of a magistrate, to which no objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997). The Court finds that the Magistrate Judge's conclusions as to the counterclaims were neither clearly erroneous nor contrary to law, and adopts the Report and Recommendation's recommendation to dismiss defendant's third through sixth counterclaims.

*Motion to Strike*

Greatbatch further objects to the Magistrate Judge's recommendation to dismiss its motion to strike. Specifically, Greatbatch objects to the inclusion of language about both its financial condition and prior lawsuits in ECA's counterclaims, on the grounds that the allegations are both immaterial and impertinent pursuant to Federal Rule of Civil Procedure 12(f).[1]

Pursuant to Rule 12(f), the court may strike from a pleading an insufficient

[1] A thorough list of the language which Greatbatch argues should be stricken is set forth in Greatbatch's Objections to the Report and Recommendation. (Dkt. No. 32, pgs. 13-14)

defense or "any redundant, immaterial, impertinent or scandalous matter." *See* Fed. R. Civ. P. 12(f). The Court is in agreement with Magistrate Judge Scott that ECA's allegations regarding Greatbatch's financial condition and difficulties in the orthopedics area are relevant to its allegations regarding breach of the agreement for various financial and business reasons. Thus, the Court adopts Magistrate Judge Scott's recommendation to deny Greatbatch's motion to strike those allegations in the counterclaims.

However, the Court is not in agreement with Magistrate Judge Scott's findings with respect to allegations regarding the *MRPA* and *Zimmer* litigations. The Court finds that these previous lawsuits have no bearing as to the issues presented in this matter. The Court also finds that it is highly unlikely that allegations regarding these lawsuits would be admissible at trial, and that the allegations, as set forth in the counterclaims, serve only to cause prejudice to Greatbatch. Further, it appears that both cases were dismissed shortly after they were filed without any affirmative relief granted. *See Lipsky v. Commonwealth United Corp*., 551 F.2d 887, 892 (2d. Cir. 1976); *accord RSM Production Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (2d. Cir. 2009) ("Second Circuit case law is clear that paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or are otherwise resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f).") Thus, the Court grants Greatbatch's motion to strike any references in

Counterclaim Paragraphs 25, 28 and 44 to either the *MRPA* or *Zimmer* litigation.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Magistrate Judge Scott's Report and Recommendation to the extent that they are consistent with this Decision and Order, the Court finds as follows: (1) Greatbatch's motion for declaratory judgment is denied; (2) Greatbatch's motion to dismiss the third through sixth counterclaims is granted; and (3) Greatbatch's motion to strike is granted in part and denied in part.

The matter is referred back to Magistrate Judge Scott for further proceedings.

SO ORDERED.

____*Richard J. Arcara*___________
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: May 12, 2014